## GLASCO v. AKIN et al.

No. 19285.   Opinion Filed Feb. 4, 1930.

Rehearing Denied April 29, 1930.

J. T. Blanton and Roy Glasco, for plaintiff in error.

Phillips & Duling, for defendants in error.

HERR, C. This is an action originally brought in the district court of McClain county by E. E. Glasco against C. I. Akin, Frank P. Douglas, F. S. Duga, Leon C. Phillips, and S. A. Duling to cancel and set aside certain oil and gas leases and mineral grants executed by said E. E. Glasco to R. I. DeArman and M. A. Vaughn. The lands affected by these instruments are located and situated in sections 9 and 10, township 5 north of range 2 west, McClain county, Okla.

It is alleged by plaintiff that these instruments were obtained by grantees through fraud, and that he received no consideration for the same. Vaughn and DeArman, grantees in these instruments, were not made parties to the suit.

The defendants claim through DeArman and Vaughn, and in their answer allege that absolute title to these leases and mineral rights passed to said DeArman and Vaughn by virtue of said instruments, and also pleaded that if title of these parties thereto, for any reason, is defective, they purchased in good faith and for value and without notice of such defect, and are, therefore, innocent purchasers thereof.

Under these issues the cause was tried to the court, resulting in a judgment in favor of defendants. Plaintiff appeals.

It is assigned as error that the judgment of the trial court is against the clear weight of the evidence. We think this assignment well taken. These instruments were executed March 27, 1926. It is undisputed that they were so executed under an oral agreement had by and between plaintiff and Vaughn and DeArman, grantees therein mentioned, and that under such agreement plaintiff was to receive, as a consideration for the execution thereof, $2 per acre; that these instruments should be placed in escrow in the Shawnee National Bank at Shawnee, Okla., with drafts for the purchase price thereto attached, and were to to be held there and not to be delivered to the said DeArman and Vaughn until the drafts were paid.

Plaintiff testified, and his testimony is uncontradicted, that these instruments were executed and drafts attached thereto for deposit in said bank as agreed, but that DeArman requested that he be permitted to take these instruments to an abstract office in order that the abstractor, who was to prepare the abstracts, might get the description therefrom, and that the instruments were thereafter to be returned to plaintiff for the purpose of depositing in said bank in accordance with the agreement. Plaintiff further testified that, in accordance with this request, he permitted said DeArman to take possession of these instruments, but that the same were by him never returned, but were delivered to Vaughn; that the same were never placed in escrow in said bank as per agreement, but that the leases were sold and transferred, and that the mineral rights were reconveyed by said Vaughn, and that the drafts have never been paid, and that he, plaintiff, never received any consideration for the execution of said instruments. The evidence further discloses that the drafts drawn and attached to these instruments provided that they were to be paid upon approval of the title. Plaintiff, however, testified, and his testimony is uncontradicted, that under the oral agreement grantees were to have 30 days to approve or reject the title, and that he, plaintiff, was not to be put to any expense relative thereto.

The title was examined by S. A. Duling, an attorney and a member of the firm of Phillips, Douglas & Duling, defendants herein, and was by him rejected on June 30, 1926, on the ground that title to the prem-

ises here involved was based on probate proceedings, and that these proceedings were absolutely void; that plaintiff had no title; and demanded that deeds of conveyance be procured to cure this defect.

After receipt of this opinion from Mr. Duling, plaintiff immediately communicated with Vaughn and demanded a return of these instruments. After some discussion, however, plaintiff agreed to allow Vaughn 15 days' additional time to perfect the title and pay the drafts. At the end of 15 days nothing was done toward perfecting the title; the drafts still remained unpaid and plaintiff again and repeatedly thereafter demanded a return of these instruments.

It further appears from the testimony, which is undisputed, that, in the early part of November, the price of leases and royalties in that vicinity materially advanced. Vaughn then decided to accept the title as it was and made a tender to plaintiff of the amount due him under the agreement, which plaintiff refused to accept and immediately thereafter brought this suit.

Under this state of facts, we are clearly of the opinion that as between plaintiff and DeArman and Vaughn, grantees in these instruments, plaintiff is entitled to rescind.

The next question presented is: Are defendants innocent purchasers? We think this question must be answered in the negative. The evidence fails to establish that they paid a fair value for these conveyances at the time of the purchase, and we also think that, under the evidence, they were chargeable with notice of defense in the titles of DeArman and Vaughn. The evidence discloses that they obtained assignments of the leases in question April 13 and 24, 1926, and that they obtained the mineral grants from Vaughn April 29, 1926. At that time neither the leases from plaintiff to DeArman nor the mineral grants from plaintiff to Vaughn had been placed of record. These instruments were placed of record November 8, 1926. Defendants took these conveyances without an abstract and without an examination of the title. The title was examined by them June 30, 1926, one month after they claim to have acquired title. Notwithstanding that the conveyances were executed by plaintiff in March, 1926, he was not notified of any contention or claim that the title was defective until June 30, 1926. Defendants, at the time they took title, knew that the mineral deed from plaintiff to Vaughn had not been placed of record. They placed their mineral grants on record June 24, 1926, and did so without ever having examined the title. They also took assignments of the leases from DeArman before they examined the title and before the leases from plaintiff to DeArman were placed of record. These instruments were delivered to defendants together with the unpaid drafts in favor of plaintiff and defendants accepted the same without making inquiry as to whether they had, in fact, been paid.

Defendants gave their check to Vaughn in payment of these conveyances on June 11, 1926. This check was subsequently taken up and exchanged for another from which $225 was deducted, which amount was paid the abstractor for abstracts for these and other lands, and which latter had not been cashed, nor had it ever been presented for payment, at the time of trial, which was November 9, 1927.

Under this evidence, defendants cannot be said to be innocent purchasers. In 39 Cyc. at page 1687, it is said:

"The essential elements of a 'bona fide purchase' of land are: (1) the payment of a valuable consideration; (2) good faith and absence of purpose to take an unfair advantage of third persons; and (3) absence of notice, actual or constructive, of outstanding rights of others. These elements must concur or the defense will be unavailing."

Under the evidence we think it quite clear that the defendants had notice of facts sufficient to put them upon inquiry, and had they made the slightest inquiry they would have ascertained that DeArman and Vaughn had no title to the interest in the premises sought to be conveyed by them, and it is also clear that they did not actually part with a fair value for these conveyances. The check given in payment by defendants, as before stated, was dated June 11, 1926, and thereafter a new check was given in exchange therefor, which check, up to the time of trial, had never been presented for payment, although defendants testified that funds were on hand at all times and on deposit in the bank in order to meet the same.

In our opinion, the only inference that can be reasonably drawn from the evidence is that there was some understanding between the parties that this check should not be cashed until Vaughn and DeArman obtained title from plaintiff.

What we have thus far said applies only to defendants Douglas, Duling and Phillips, who claim an undivided one-fourth interest each in and to the premises sought to be

conveyed. Defendant Duga claims a one-fourth undivided interest therein, and also claims as an innocent purchaser. The only consideration paid by him consisted of an alleged commission due him from Vaughn for assisting in making the sales to his co-defendants. He was working for Vaughn in these transactions, and, under the evidence, is clearly chargeable with notice of the defects in the titles of DeArman and Vaughn.

Under the record here presented, we feel no hesitancy in saying that defendants are not innocent purchasers.

Judgment should be reversed, and the cause remanded, with directions to enter judgment in favor of plaintiff canceling these conveyances and quieting title in plaintiff.

BENNETT, JEFFREY, HALL, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 27 R. C. L. pp. 695, 701; 4 R. C. L. Supp. p. 1764. (2) 2 R. C. L. p. 204; R. C. L. Perm. Supp. p. 377. See "Appeal and Error," 4 C. J. §3230, p. 1192, n. 58. "Mines and Minerals," 40 C. J. §596, p. 1000, n. 22. "Vendor and Purchaser," 39 Cyc. p. 1687, n. 32; p. 1784, n. 9.